# MEDALLION SALE AND PURCHASE AGREEMENT

This Agreement is made this 25th day of October 2010, by and between <u>INF Cab Corporation</u> hereinafter referred to as "Seller"), and <u>Steven Newman or his corporate assignee</u> hereinafter referred to as "Buyer").

WHEREAS the Seller desires to sell and the Buyer desires to purchase City of Chicago Taxi Medallion Number(s): <u>4499TX</u> (hereinafter the "Medallion"), presently standing in the name of the Seller or a corporation owned by the Seller, and being issued by the City of Chicago Commissioner of Department of Business Affairs and Consumer Protection.

NOW THEREFORE, in consideration of the promises set forth in this Agreement and other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the parties do hereby agree as follows:

NOW THEREFORE, in consideration of the promises set forth in this Agreement and other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the parties do hereby agree as follows:

1. Seller warrants that Seller has legal title to and interest in the Medallion, and any other property transferred under this Agreement and has the authority to transfer the same.

2. Seller agrees to sell and Buyer agrees to purchase the Medallion for the purchase price of $<u>200,000.00</u> as set forth in schedule "A" attached hereto, and payable as follows:

   A. Earnest money of $<u>5,000.00</u> shall be paid upon the execution of this Agreement to Jennifer C. Davenport & Associates, P.C, and held in escrow pursuant to the terms of this agreement.

   B. The balance of $<u>195,000.00</u> shall be paid within five (5) business days of the issuance of the Hard Card to Buyer by the Department of Business Affairs and Consumer Protection.

3. Buyer shall be responsible for the payment of the transfer fees assessed by the City of Chicago equal to 5% of the purchase price or 5% of the average price of medallions transferred in the previous calendar year, whichever is greater.

4. Seller shall be solely responsible for payment of the annual fee for the renewal of the Medallion with the Department of Business Affairs and Consumer Protection for the year ending December 31, 2010.

1

5. Seller warrants that there are no liens, judgments, fines, or encumbrances on the Medallions, except those disclosed to Buyer and detailed in Exhibit "B" attached hereto, which will be paid from Seller's proceeds at closing.

6. Seller shall be responsible for all outstanding parking tickets and City of Chicago Ground Transportation Tax, and shall ensure that all fines and/or taxes are paid prior to Transfer of the Medallion.

7. Upon execution of this Agreement, Seller shall execute all documents necessary to effectuate the transfer to Buyer of all Seller's right, title and interest in the Medallions.

8. Seller warrants that the medallions are unrestricted City of Chicago Taxi Medallions and are not designated as Handicap Accessible Medallions, Underserved Area Medallions, Minivan or Stretch Vehicle Medallions.

9. Transfer of the Medallions is subject to the approval of the City of Chicago, Commissioner of Department of Business Affairs and Consumer Protection, (hereinafter the "Commissioner"). In the event that the Commissioner denies approval of the Transfer through no fault of the Buyer, the Earnest Money shall be returned to the Buyer and this Agreement shall be of no further force and effect.

10. Buyer and Seller shall use their best efforts to effectuate the Transfer of the Medallion. Buyer shall present the completed Transfer Application to the Commissioner no later than twenty days after the Seller provides Buyer's attorney with the original Revenue Clearance from the City of Chicago Department of Revenue, or a date agreed to in writing by the parties.

11. In the event that either party refuses to perform any act necessary to effectuate the transfer of the Medallions, or fails to perform the terms of this contract, said party shall be in default and shall be liable to the other party on the amount of Twenty Five Thousand ($25,000.00) as liquidated damages which shall be paid within ten (10) business days from the breach of contract. In the event, Seller breaches the contract and liquidated damages are due, Seller hereby grants to Buyer to right to file a UCC-1 lien against the Medallion(s) for the amount of the liquidated damages.

12. Prior to Closing, Seller shall remain in possession and control of the Medallions and shall be entitled to the continuing use thereof, unless otherwise agreed to by the parties in writing.

13. Upon approval of the Transfer, the Closing (the "Closing") shall occur within five (5) business days of the Transfer approval by the Commissioner at the Department of Business Affairs and Consumer Protection at 2350 W. Ogden. Chicago, Illinois.

14. At Closing, Seller shall transfer to Buyer all right, title and interest in the Medallions free and clear of all liens, judgments, and encumbrances.

15. Buyer acknowledges that Seller has made no representations, promises or warranties beyond those of this Agreement with regard to the Medallions including but not limited to the potential success, value or profitability of the Medallions. Buyer hereby agrees to hold Seller harmless from any claims, losses or expenses suffered or incurred by the Buyer in connection with the ownership of the Medallions or the operation of the Buyer's taxicab business.

16. This agreement is made in and shall be governed by the laws of the State of Illinois.

17. This agreement constitutes the entire agreement and understanding of the parties, and supersedes any and all prior or contemporaneous agreements or understandings, oral or written. Any amendments or modification to this Agreement must be in writing and signed by both parties.

18. If any part of this Agreement is determined to be invalid or unenforceable by a court, then such part or parts shall be severed from this Agreement without affecting the validity of the remaining provisions.

19. The parties acknowledge that they have carefully read the foregoing Agreement, understand the contents thereof, and freely and voluntarily agree to the terms herein.

20. In the event that Buyer or Seller breach the terms of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees and legal costs.

21. Time is of the essence in this contract.

IN WITNESS Whereof, the parties have executed this Agreement this ____ day of October 2010.

**Buyer:**

_____
By: Steven Newman President

**Seller:**

_____
By: Mohammed M. Ghori, Secretary

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Signed and Sworn to this 15th day of _____, 2010.

_____
OFFICIAL SEAL
BETH ANN JURGENKO
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires July 9, 2011

Signed and Sworn to this 19th day of October, 2010.

_____
Notary Public

OFFICIAL SEAL
JENNIFER C.D. DAVENPORT
Notary Public - State of Illinois
My Commission Expires May 05, 2011

3

## Schedule A

City of Chicago Taxi Medallion #4499TX           $200,000.00

                                    TOTAL    $200,000.00

## Schedule B

(List All Liens)

Capital One Taxi Medallion Finance Approximately $60,000.00    _____
                                                                Initial/date

This Agreement was prepared by Jennifer Davenport, 150 N. Wacker Drive, Suite 1717, Chicago, Illinois 60606.